UNITED STATES DISTRICT COURT 
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GRACE L. RECABO,

        Plaintiff,

v.                                 Civil Action No. 3:10CV405

WELTMAN, WEINBERG & REIS CO., LPA

Serve: National Registered Agents
       Registered Agent
       200 West Adams St.
       Chicago, Illinois 60606

        Defendant.

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1337, Venue in this District is proper in that the defendant transacted business in this state or transacted business here and the plaintiff chooses to bring this action here, or the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, Grace L. Recabo, is a natural person residing in Falls Church, Virginia.

4. Defendant, Weltman, Weinberg & Reis Co., L.A. ("Weltman"), is an LPA engaged in the business of collecting debts in this state with its principal place of business located in Chicago, Illinois. One of the principal purposes of Weltman is the collection of debts using the mails and telephone and it regularly attempts to collect debts alleged to be due another.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

6. In 2009 the plaintiff had a Discover credit card account, #6011398543978540, which she originally intended to use for both personal and business debts, but was used primarily for personal use. In 2009 her card had a credit limit of $9,000.00, with over $8,000.00 of the debt on that credit card account incurred for her personal use regarding the installation of windows in her home.

7. On or about July 23, 2009, a person who called himself, "Matt Gregory," from the defendant's office, called the plaintiff about this debt and left a message on Ms. Recabo's home phone that she should call him about litigation against her involving a Discover Card of hers, and his file No. 7668290. In this initial communication with the plaintiff "Mr. Gregory" stated that his firm was a debt collector and this was an attempt to collect a debt but never advised that she had thirty days to dispute the debt, or the plaintiff's validation rights required by the FDCPA. Phone calls and messages to her, both at home and at work continued, more than two a day and sometimes five a day, and when she would hang up they would call right back. The calls involved statements that they were going to get a judgment and put a lien on her house. Some of the calls were from a person allegedly named "George Robinson," who mentioned in his messages that this matter involved litigation over this debt and were abusive, harassing, and condescending, but were never responded to by the plaintiff since, at that time, she was

2

working with a debt settlement program. At no time were her validation rights explained to her in the messages and they were very embarrassing to herself and others in the house who overheard them.

8. The defendant wrote its first letter to the plaintiff dated July 24, 2009 (**Exhibit 1**). This letter fails to identify itself as debt collector or that it is attempting to collect a debt, fails to state that any information obtained shall be used for that purpose, and fails to provide the validation notices required by the FDCPA within five days of the initial communication if not provided in the initial communication.

9. In its letter of August 31, 2009 the defendant does state it is a debt collector (**Exhibit 2**).

10. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, defendant contacted the plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a)      Communicating with the debtor at places known to be inconvenient to my client, including her place of employment. §1692c(a)(1&3);

b)      Engaging in conduct of which the natural consequence is to harass, oppress, or abuse, and causing Plaintiff's telephone to ring with intent to annoy, abuse, or harass §1692d(2)(5);

c)      Failing to provide validation notices of the debt at the time of initial contact and/or in writing within five days thereafter (§1692g(a);

d)      Communicating with persons and communicating specific information about the debt owed §1692b(1 &3));

e)      The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer (§1692 (e)(10));

3

f)   Failing to disclose in the initial communication or within five days thereafter the alleged debtor has thirty days to dispute the debt (§1692(g)).

11. As a result of the acts alleged above, plaintiff suffered actual damages including physical ailments, embarrassment, and emotional distress.

## V.  FIRST CLAIM FOR RELIEF

12. Plaintiff repeats, realleges, and incorporates by reference the preceding paragraphs

13. Defendant violated the FDCPA as noted above.

14. As a result of the above violations of the FDCPA, the defendant is liable to the plaintiff for plaintiff's actual damages, statutory damages, costs, and attorney fees.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the defendant for the following:

A. Actual damages.

B. Statutory damages pursuant to 15 U.S.C. § 1692k.

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

D. For such other and further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Respectfully submitted,

**GRACE L. RECABO**

Counsel for Plaintiff

4

John Cole Gayle, Jr.
VSB No. 018833
The Consumer Law Group, P.C.
5905 West Broad Street,  Suite 303
Richmond, Virginia 23230
(804) 282-7900
(804) 673-0316 fax
jgayle@theconsumerlawgroup.com
Counsel for Plaintiff